■ RIDGE LUMBER INC., Appellant, v AATEX GROWTH CORPORATION, Respondent.—Order unanimously reversed, with costs, and plaintiff's motion for summary judgment granted. Memorandum: In support of plaintiff's motion for summary judgment the affidavit of plaintiff's treasurer Anthony Bonaldi asserts that the action was commenced by service of a summons and complaint upon defendant Aatex Growth Corporation on April 22, 1975 and that the amount demanded in the complaint represented a balance due for lumber and building supplies delivered to the construction site of a townhouse project in the Town of Farmington on the west side of Route 332 called Stone Hedge Village. As a result of the various deliveries of building supplies, defendant owed plaintiff $124,152 as of November 1, 1974. A payment of $29,688.04 made in December left a balance of $94,463.96 which balance was agreed to by the president of the defendant corporation, Basil T. Elmer, Jr., in a letter dated December 17, 1974. In answer to defendant's contention that it did not contract with plaintiff, the affidavit avers that all of the materials and building supplies were furnished to the defendant Aatex Growth Corporation, all the billings were in the name of and sent to defendant Aatex Growth Corporation and all payments were received from defendant Aatex. A letter attached to plaintiff-treasurer's affidavit supports its position that defendant not only agreed to the amount, but agreed to pay plaintiff the exact amount that plaintiff states is the balance due. The

documentary evidence along with the shifting and contradictory factual statements of defendant make abundantly clear that both plaintiff and William F. Seeler Construction Co., Inc., the construction manager, properly looked to defendant as the principal obligor with respect to the townhouse project. Letters from defendant to plaintiff acknowledge and establish defendant as the principal obligor of the debt in question and the record clearly establishes responsibility of defendant for the amount which plaintiff seeks in the complaint. No evidence is advanced to present a question of fact for trial, and plaintiff is entitled to summary judgment for the amount sought in the complaint. (Appeal from order of Monroe Supreme Court in action to recover for building materials.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.